**In re Evelyn WILLIAMS, Appellant.**

**No. 1081, Docket 74-1227.**

United States Court of Appeals,
Second Circuit.

Argued June 11, 1974.

Decided July 29, 1974.

---

LeRoy D. Clark, New York City (Evelyn Williams, pro se, James Larson, Arthur Kinoy, National Lawyers Guild, O. T. Wells, National Bar Ass'n, William M. Kunstler, Center for Constitutional Rights, Haywood Burns, National Conference of Black Lawyers, New York City, on the brief), for appellant.

John D. Gordan, III, Asst. U. S. Atty., New York City (Paul J. Curran, U. S. Atty., New York City, on the brief), for appellee U. S.

Before HAYS and MANSFIELD, Circuit Judges, and BAUMAN, District Judge. *

PER CURIAM:

Appellant, Evelyn Williams, an attorney, was cited for contempt of court by the District Court for the Southern District of New York for her conduct while acting as defense counsel to Joanne Chesimard at the first of two trials of Chesimard and Freddie Hilton for bank robbery. In his certificate of contempt dated December 5, 1973, Judge Gagliardi adjudged Williams guilty of criminal contempt under Rule 42(a) of the Federal Rules of Criminal Procedure and certified that the following events took place in his presence:

"On December 4, 1973, shortly before the conclusion of the Court's afternoon session, the defendant Joanne Chesimard was excluded from the courtroom following a series of outbursts on her part. After the defendant Chesimard was escorted from the courtroom, Ms. Williams engaged in a colloquy with the court concerning the exclusion of the defendant and the court's ruling concerning the form in which objections were to be made in the presence of the jury. During the course of this colloquy Ms. Williams not only took formal exception to the court's ruling but announced that she would not submit to the direction of the court in this regard. Towards the conclusion of this exchange Ms. Williams, although insisting that she continued to represent the defendant Chesimard, stated that she would not participate further in the proceedings. Having made this statement and despite the explicit direction by the court to remain in the courtroom, seated at the counsel table and a warning by the court as to consequences of her contumacious conduct, Ms. Williams left the courtroom. At the time Ms. Williams absented herself, court was in session and the jury selection was in progress. Shortly after Ms. Williams left the courtroom, the trial was adjourned until 9:30 A. M. the following morning.

"Court resumed on the morning of December 5, 1973; Ms. Williams did not appear. Ms. Williams was contacted during the course of the morning and directed to be in court at 2 P.M. During the course of the proceeding, defendant Chesimard was again removed from the courtroom following a repetition of her outbursts of the previous afternoon. After the removal of defendant Chesimard, Ms. Williams again engaged in a colloquy with the court. Ms. Williams told the court that she would not listen to any statement made by the court and despite repeated direction to remain at the counsel table she made her way to the rear door in an attempt to leave the courtroom. At this juncture, the marshals, acting at the court's direction, locked the exits to the courtroom. The colloquy continued with Ms. Williams standing at the rear door of the courtroom. The court directed Ms. Williams to return to the counsel table; she refused. The court warned Ms. Williams that she would be cited for contempt if she persisted in her

* Honorable Arnold Bauman of the United States District Court for the Southern District of New York, sitting by designation.

conduct; she indicated that she was aware of the possible consequences of her actions. The court offered Ms. Williams the opportunity to purge herself of her contempt; she declined. The court asked Ms. Williams if she had anything to say in defense of her contumacious conduct; she stated that she did not consider her conduct contumacious. At this point, the court held Ms. Williams in summary contempt for failure to obey the legal order and directive of the court."

On February 5, 1974, the court issued a judgment and commitment effective nunc pro tunc January 3, 1974, in which it restated its finding that Williams was guilty of criminal contempt, and sentenced her to ten days imprisonment. Williams appeals.

Williams does not contend that her behavior at the trial was not disruptive and contumacious. Rather, she claims that Judge Gagliardi was personally embroiled in the discourse resulting in the contempt, and that he thus erred in denying her application to refer the contempt proceeding to another judge.[1] See Offutt v. United States, 348 U.S. 11, 18, 75 S.Ct. 11, 99 L.Ed. 11 (1954); Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971). However, on reading the record it is clear to us that Judge Gagliardi was not personally embroiled in any dispute with Williams. He exhibited patience and restraint in the face of stratagems calculated to bring the trial to a halt. Judge Gagliardi used the district court's summary contempt power only as a last resort to prevent Williams from in effect terminating the trial. His action was a perfectly appropriate response to an immediate challenge to the court's dignity and authority.

Williams claims that Judge Gagliardi was vilified at the trial to such an extent that he could not exercise independent judgment of the contempt. The record shows that the trial judge was indeed subjected to verbal abuse by Chesimard who called him "corrupt," "bigoted," "a racist" and "an agent for the CIA." But the record shows that he did not attribute Chesimard's remarks to Williams.

None of the other points advanced by the appellant has any merit.

Affirmed.

---

1. Upon oral argument Williams's counsel contended for the first time that Judge Gagliardi's Certificate of Contempt, which describes the background and conduct of Williams at the trial and the conduct found to be contemptuous, had not singled out the contumacious conduct relied upon as the basis for the Court's summary adjudication for contempt, thus hampering her ability to defend against the charge of contempt. This contention is meritless. The record is clear that Judge Gagliardi found Williams in contempt because she repeatedly refused to obey the Court's order to return to the counsel table, absenting herself from the Courtroom in defiance of that order.